UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION

| | |
|---|---|
| ARTHUR BIRINGER, individually and on behalf of a class of all persons and entities similarly situated,<br><br>  Plaintiff<br><br>vs.<br><br>FIRST FAMILY INSURANCE, INC.<br><br>  Defendant | Case No. _____<br><br>CLASS ACTION COMPLAINT |

# CLASS ACTION COMPLAINT

## Preliminary Statement

1. Plaintiff, Arthur Biringer ("Plaintiff" or "Mr. Biringer"), by and through his undersigned counsel, brings this action to enforce the consumer-privacy provisions of the Telephone Consumer Protection Act, 47 U.S.C. § 227, a federal statute enacted in 1991 in response to widespread public outrage about the proliferation of intrusive, nuisance telemarketing practices. *See Mims v. Arrow Fin. Servs., LLC,* 132 S. Ct. 740, 745 (2012).

2. In violation of the TCPA, Defendant First Family Insurance, Inc. ("Defendant" or "First Family") placed multiple telemarketing calls to a number Mr. Biringer registered on the National Do Not Call Registry.

3. Mr. Biringer never consented to receive these calls.

4. Because telemarketing campaigns result in calls to hundreds of thousands or even millions of potential customers *en masse*, Mr. Biringer brings this action on behalf of a proposed

nationwide class of other persons who received illegal telemarketing calls from or on behalf of First Family.

5. A class action is the best means of obtaining redress for the Defendant's wide scale illegal telemarketing, and is consistent both with the private right of action afforded by the TCPA and the fairness and efficiency goals of Rule 23 of the Federal Rules of Civil Procedure.

## Parties

6. Plaintiff Arthur Biringer is a resident of this state and this district.

7. Defendant First Family Insurance, Inc. is a company headquartered in Ft. Myers, FL that offers a variety of insurance products.

## Jurisdiction

8. The Court has federal question subject matter jurisdiction over these TCPA claims. *Mims v. Arrow Financial Services, LLC*, 132 S. Ct. 740 (2012).

## TCPA Background

9. In 1991, Congress enacted the TCPA to regulate the explosive growth of the telemarketing industry. In so doing, Congress recognized that "[u]nrestricted telemarketing . . . can be an intrusive invasion of privacy [.]" Telephone Consumer Protection Act of 1991, Pub. L. No. 102-243, § 2(5) (1991) (codified at 47 U.S.C. § 227).

### *The TCPA prohibits telemarketing calls to numbers listed on the Do Not Call Registry, unless the caller has the recipient's signed, written consent*

10. The National Do Not Call Registry allows consumers to register their telephone numbers and thereby indicate their desire not to receive telephone solicitations at those numbers. *See* 47 C.F.R. § 64.1200(c)(2). A listing on the Registry "must be honored indefinitely, or until the

2

registration is cancelled by the consumer or the telephone number is removed by the database administrator." *Id*.

11. The TCPA and implementing regulations prohibit the initiation of telephone solicitations to residential telephone subscribers to the Registry. 47 U.S.C. § 227(c); 47 C.F.R. § 64.1200(c)(2).

12. A person whose number is on the Registry, and who has received more than one telephone call within any twelve-month period by or on behalf of the same entity in violation of the TCPA, can sue the violator and seek statutory damages. 47 U.S.C. § 227(c)(5).

13. The regulations exempt from liability a caller who has obtained the subscriber's signed, written agreement to receive telephone solicitations from the caller. 47 C.F.R. § 64.1200(c)(2)(ii). That agreement must also include the telephone number to which the calls may be placed. *Id.*

### *The TCPA imposes vicarious liability on third-parties who do not physically dial the calls*

14. Under the TCPA, a seller of a product or service may be vicariously liable for a third-party marketer's violations of Section 227(c), even if the seller did not physically dial the illegal call, and even if the seller did not directly control the marketer who did. *In re Joint Pet. filed by Dish Network, LLC*, FCC 13-54 ¶ 37, 2013 WL 193449 (May 9, 2013) ("FCC Ruling").

15. A seller is liable under Section 227(c) when it has authorized a telemarketer to market its goods or services. *Id.* ¶ 47.

16. Additionally, a seller may be vicariously liable for violations of those provisions under principles of apparent authority and ratification. Factors relevant to a finding of vicarious liability include:

3

a.  Whether "the seller allows the outside sales entity access to information and systems that normally would be within the seller's exclusive control, including . . . access to detailed information regarding the nature and pricing of the seller's products and services or to the seller's customer information."

b.  Whether the outside sales entity can "enter consumer information into the seller's sales or customer systems[.]"

c.  Whether the outside sales entity has "the authority to use the seller's trade name, trademark and service mark[.]";

d.  Whether "the seller approved, wrote or reviewed the outside entity's telemarketing scripts."; and

e.  "Whether the seller knew (or reasonably should have known) that the telemarketer was violating the TCPA on the seller's behalf and the seller failed to take effective steps within its power to force the telemarketer to cease that conduct."

*Id.* ¶ 46.

**Factual Allegations**

*First Family places telemarketing calls to the Plaintiff*

17.  The Plaintiff has previously placed his telephone number, (XXX) XXX-1324 on the National Do Not Call List, where it has been since March of 2014.

18.  On July 8 and July 17, 2014, the Plaintiff received telephone calls from telemarketing representatives calling from First Family.

19.  The caller informed the Plaintiff at the beginning of each call that he was calling from First Family and informed him that they were calling to offer him Medicare insurance.

4

20. The calls came from the following telephone numbers: (239) 205-7015 and (239) 243-9431.

21. The individuals who called, Rachel Robinson and Bill Partlow, identified themselves as First Family employees.

22. The Plaintiff never consented in any fashion to these telephone calls, and had no business relationship with this entity.

23. Both of the calls were unwanted telemarketing solicitations.

24. In the last two months, the Defendant has received a number of complaints related to calling individuals who were on state or federal Do Not Call registries.

25. Plaintiff is not a customer of Defendant and has not provided Defendant with his personal information or telephone number.

## Class Action Allegations

26. As authorized by Rule 23 of the Federal Rules of Civil Procedure, Plaintiff brings this action on behalf of a class of all other persons or entities similarly situated throughout the United States.

27. The class of persons Plaintiff proposes to represent is tentatively defined as all persons within the United States whose phone numbers had been registered on the Do Not Call Registry for 31 days or longer, and who, within the four years before the filing of the initial Complaint, received more than one telemarketing call within any twelve-month period from, or on behalf of, the Defendant.

28. Excluded from the Class are the Defendant, and any entities in which the Defendant have a controlling interest, the Defendant's agents and employees, any Judge to whom this action is assigned and any member of such Judge's staff and immediate family.

29. The class as defined above is identifiable through phone records and phone number databases.

30. The potential class is so numerous that individual joinder of these persons is impracticable.

31. Plaintiff is a member of the class.

32. There are questions of law and fact common to Plaintiff and to the proposed class, including but not limited to the following:

    a. Whether First Family violated the TCPA by engaging in advertising by unsolicited telemarketing calls;

    b. Whether First Family has any defense(s) to engaging in a telemarketing campaign to individuals on the National Do Not Call Registry;

    c. Whether the Plaintiff and class are entitled to statutory damages as a result of First Family's actions.

33. Plaintiff's claims are typical of the claims of class members.

34. Plaintiff is an adequate representative of the class because his interests do not conflict with the interests of the class, he will fairly and adequately protect the interests of the class, and he is represented by counsel skilled and experienced in class actions, including TCPA class actions.

35. Common questions of law and fact predominate over questions affecting only individual class members, and a class action is the superior method for fair and efficient adjudication of the controversy. The only individual question concerns identification of class members, which will be ascertainable from records maintained by Defendant and/or its agents.

36. The likelihood that individual members of the class will prosecute separate actions is remote due to the time and expense necessary to prosecute an individual case.

37. Plaintiff is not aware of any litigation concerning this controversy already commenced by others who meet the criteria for class membership described above.

## Legal Claims

### Count One:
### Violation of the TCPA's Do Not Call provisions

38. Plaintiff incorporates the allegations from all previous paragraphs as if fully set forth herein.

39. The Defendant violated the TCPA by (a) initiating telephone solicitations to persons and entities whose telephone numbers were listed on the Do Not Call Registry, or (b) by the fact that others made those calls on its behalf. *See* 47 U.S.C. § 227(c); 47 C.F.R. § 64.1200(c)(2).

40. The Defendant's violations were negligent and/or knowing.

### Count Two:
### Injunctive relief to bar future TCPA violations

41. Plaintiff incorporates the allegations from all previous paragraphs as if fully set forth herein.

42. The TCPA authorizes injunctive relief to prevent further violations of the TCPA.

43. The Plaintiff respectfully petitions this Court to order the Defendant and their employees, agents, and all other persons or entities working on their behalf to make these calls to immediately cease engaging in unsolicited telemarketing in violation of the TCPA.

## Relief Sought

For himself and all class members, Plaintiff requests the following relief:

1. That First Family be restrained from engaging in future telemarketing in violation of the TCPA.

2.That First Family, and its agents, or anyone acting on its behalf, be immediately restrained from altering, deleting or destroying any documents or records that could be used to identify class members.

3.That the Court certify the claims of the named Plaintiff under Rule 23 of the Federal Rules of Civil Procedure.

4.That the Plaintiff and all class members be awarded statutory damages of $500 for each negligent violation of the TCPA and $1,500 for each knowing violation.

5.That the Plaintiff and all class members be granted other relief as is just and equitable under the circumstances.

### Jury Demand

Plaintiff demands trial by jury.

Dated October 24, 2014

Respectfully submitted,

*/s/ Tim Howard*
Tim Howard, J.D., Ph.D.
Florida Bar No.: 655325
tim@howardjustice.com
**HOWARD & ASSOCIATES, P.A.**
2120 Killarney Way, Suite 125
Tallahassee, FL 32309
Telephone: (850) 298-4455
Fax: (850) 216-2537

Edward A. Broderick
Anthony Paronich
Broderick Law, P.C.
125 Summer St., Suite 1030
Boston, MA  02110
(617) 738-7080
ted@broderick-law.com
anthony@broderick-law.com
*Subject to Pro Hac Vice*

9

                                    Matthew P. McCue
                                    The Law Office of Matthew P. McCue
                                    1 South Avenue, Suite 3
                                    Natick, Massachusetts 01760
                                    (508) 655-1415
                                    (508) 319-3077 *facsimile*
                                    mmccue@massattorneys.net
                                    *Subject to Pro Hac Vice*