# IN THE UNITED STATES DISTRICT COURT FOR THE
## NORTHERN DISTRICT OF FLORIDA
## TALLAHASSEE DIVISION

ARTHUR BIRINGER, etc.,

   Plaintiff,

v.           CASE NO.  4:14cv566-RH/CAS

FIRST FAMILY INSURANCE, INC.,

   Defendant.

_____/

## ORDER COMPELLING DISCOVERY

  This proposed class action arises under the Telephone Consumer Protection

Act, 47 U.S.C. § 227.  The named plaintiff asserts he is on the national do-not-call

registry but received unauthorized calls from the defendant.  The defendant denies

it.

  The plaintiff requested production of documents showing people in the

United States to whom the defendant placed solicitation calls within the limitations

period who had been on the do-not-call registry for at least 31 days before the call.

The plaintiff requested documents showing all calls the defendant placed, if the

defendant was unable to determine which calls were to people on the do-not-call

registry.

The defendant produced no documents in response to the request.  Instead, the defendant asserted the kind of general objections that have become fashionable but are frivolous.  And the defendant said it only calls people who have consented by requesting information from the defendant.

The plaintiff moved to compel.  The defendant responded.  Only two of the defendant's assertions warrant discussion.

First, the defendant says it did not violate the law and the plaintiff cannot prove otherwise.  But proving otherwise is precisely the point of the plaintiff's production request.  The defendant's take-my-word-for-it approach will not do.  The requested information is plainly discoverable—it is likely to show whether the defendant did or did not routinely flout the law as the plaintiff alleges.

Second, the defendant says complying with the production request would be unduly burdensome.  But the defendant provides no specifics—no estimate of hours or expense, no information on how the information is stored or what would be involved in retrieving it.  Again, the defendant's take-my-word-for-it approach will not do; burdensomeness must be shown with specifics.  *See, e.g.*, *Panola Land Buyers Ass'n v. Shuman*, 762 F.2d 1550, 1559 (11th Cir. 1985); *Josephs v. Harris Corp.*, 677 F.2d 985, 992 (3d Cir. 1982) ("[T]he party resisting discovery must show specifically how . . . each interrogatory is not relevant or how each question is overly broad, burdensome, or oppressive.") (quoting *Roesberg v. Johns-Manville*

*Corp.*, 85 F.R.D. 292, 296-97 (E.D. Pa. 1980)).  Moreover, at least on the face of

it, producing documents showing outgoing telephone calls seems not terribly

burdensome.

This order compels the requested production.  The order also sets limits on

use and further disclosure of the documents.

Under Federal Rule of Civil Procedure 37(a)(5)(A), the party or attorney

whose conduct necessitated a discovery motion "must" be ordered to pay the

reasonable expenses incurred in making the motion, including attorney's fees,

unless the moving party filed the motion before attempting in good faith to obtain

the discovery without court action, or the opposing party's position was

"substantially justified," or "other circumstances make an award of expenses

unjust."  Unless one of these conditions is met, an award of sanctions is

"mandatory."  *Devaney v. Cont'l Am. Ins. Co.*, 989 F.2d 1154, 1162 (11th Cir.

1993) (citing *Merritt v. Int'l Bhd. of Boilermakers*, 649 F.2d 1013, 1019 (5th Cir.

Unit A June 1981)).  A position is "substantially justified" if it results from a

"genuine dispute, or if reasonable people could differ as to the appropriateness of

the contested action." *Pierce v. Underwood*, 487 U.S. 552, 565 (1988) (citations,

quotation marks, and brackets omitted); *Devaney*, 989 F.2d at 1163.

Here the defendant's position was not substantially justified, and no

circumstance makes an award of expenses unjust.  An award of expenses thus is

"mandatory," and I would make an award as a matter of discretion even if an

award was not mandatory.  To avoid unnecessary expense in determining the

amount of the award, this order sets an amount, subject to redetermination.

For these reasons,

IT IS ORDERED:

1.      The plaintiff's motion to compel, ECF No. 21, is GRANTED.  The

defendant must make available to the plaintiff's attorney for inspection and

copying, by not later than May 5, 2015, the documents requested in paragraph 1 of

the plaintiff's first set of production requests.

2.      The defendant must pay the plaintiff $1,250 as attorney's fees.  If a

party asserts that this is not the amount of fees reasonably incurred by the

defendant on the motion to compel, the party may move within 14 days to

redetermine the amount, and the matter will be reconsidered *de novo*.  Attorney's

fees may be assessed against the party who loses any such motion to redetermine.

The fees assessed under or based on this order must be paid by May 5, 2015 (if no

motion to redetermine is filed) or within 14 days after entry of an order on any

motion to redetermine.

3.      Unless otherwise ordered, documents produced in response to this

order may be disclosed only to (a) attorneys of record in this case, (b) their

employees or independent contractors assisting in this case, including information-

technology personnel, (c) expert witnesses or potential expert witnesses who have a reasonable need for the documents in connection with their role in this case, and (d) only if the defendant consents, the plaintiff.  Except as authorized by this paragraph or a further court order, no one may use or disclose the documents.  A person to whom the documents will be disclosed must first sign and deliver to the plaintiff's attorney a statement agreeing to comply with this paragraph.  This paragraph does not restrict the use or disclosure of the documents by the defendant or anyone who obtains the documents other than as a result of discovery in this case.  References in this paragraph to "documents" includes information in the documents.

SO ORDERED on April 7, 2015.

s/Robert L. Hinkle_____
United States District Judge