## IN THE UNITED STATES DISTRICT COURT FOR THE
## NORTHERN DISTRICT OF FLORIDA
## TALLAHASSEE DIVISION

ARTHUR BIRINGER, individually
and on behalf of class members,

      Plaintiff,

v.                                 CASE NO.  4:14cv566-RH/CAS

FIRST FAMILY INSURANCE, INC.
and JASON MARRA,

      Defendants.

_____/

## ORDER FINALLY APPROVING THE SETTLEMENT
## AND DIRECTING THE ENTRY OF JUDGMENT

The parties to this class action entered a settlement agreement at arm's

length. The agreement provides for payment of the gross amount of $2,900,000.

The record establishes that the court has jurisdiction; that all procedures required

by the governing constitutional and statutory provisions, rules, and order

preliminarily approving the settlement have been followed; that no objections to

the settlement were submitted; and that only three class members opted out.

The class consists of:

> All persons within the United States whose phone numbers had
> been registered on the Do Not Call Registry for 31 days or longer,
> and who, from October 24, 2010 to December 27, 2016, received

more than one telemarketing call within any twelve-month period from, or on behalf of, the Defendant First American Family Insurance, as identified by the Expert Report of Anya Verkhovskaya, excluding the list of First Family customers and contacts identified by Defendants' counsel.

Excluded from the Class are the Defendants, and any entities in which the Defendants have a controlling interest, the Defendants' agents and employees, any Judge to whom this action is assigned and any member of such Judge's staff and immediate family.

Also excluded from the Class are the three individuals who opted out.

The named plaintiff Arthur Biringer is the class representative. He has adequately performed his role. The attorneys of record from Broderick & Paronich, P.C., The Law Office of Matthew P. McCue, and Howard & Associates are class counsel. They have adequately represented the class.

I find that the settlement is a fair and reasonable compromise of a bona fide dispute and fully protects the interests of class members. I find that the proposed attorney's fee, which is one-third of the common fund generated by the settlement, is reasonable, taking into account all relevant factors. The fee comports with the governing law. *See, e.g., Camden I Condo. Ass'n, Inc. v. Dunkle*, 946 F.2d 768, 774-75 (11th Cir. 1991) (requiring fees in a common-fund case to be calculated under the percentage approach and noting factors to be considered in determining the percentage).

To be sure, the fee is at the high end of the range of percentages that have been awarded by district courts in this circuit in cases which, like this one, arise under the Telephone Consumer Protection Act. *See, e.g.*, *Family Med. Pharm., LLC v. Trxade Grp., Inc.*, No. 15-0590-KD-B, 2017 WL 1042079, *13 (S.D. Ala. Mar. 17, 2017) (granting the requested fee award of 25% of the common fund in a TCPA case); *Cooper v. Nelnet, Inc.*, No. 6:14-cv-314-Orl-37DAB, 2015 WL 4623700, *2 (M.D. Fla. July 31, 2015) (ordering a fee award of 27.78% of the common fund—$1,250,000 of the $4,500,000 fund—in a TCPA case that had been pending for only a year and a half and stating that the requested award of one-third of the common fund would have been appropriate had the case proceeded much further in the litigation or involved a much higher settlement fund); *Wreyford v. Citizens for Transp. Mobility, Inc.*, No. 1:12-CV-2524-JFK, 2014 WL 11860700, *1-2 (N.D. Ga. Oct. 16, 2014) (approving a one-third fee award in a TCPA case that had been heavily litigated and had not settled until after discovery ended and a summary-judgment motion was filed).

This percentage is appropriate under all the circumstances, including the quality and volume of work required to bring the case to this point, the stage at which the case was settled, the difficulty of the issues, and the result obtained. The requested costs and expenses also have been reasonably incurred and are properly recovered from the common fund. The class representative's fee is reasonable,

comports with the weight of authority, and is properly recovered from the common fund.

The settlement is not an adjudication of the merits and does not speak to the issue of whether a violation did or did not occur. The defendants have denied any violation throughout the litigation and continue to do so.

Upon consideration of all relevant factors, and for these reasons set out in this order and on the record of the hearing on April 20, 2017,

IT IS ORDERED:

1. The unopposed motion to finally approve the settlement, ECF No. 91, is granted. The settlement is approved.

2. The parties must comply with their settlement agreement. The named plaintiff and all class members are enjoined from initiating or pursuing any claim that has been released under the settlement agreement.

3. All claims of the named plaintiff and any class member, other than for enforcement of the settlement agreement, are voluntarily dismissed with prejudice under Federal Rule of Civil Procedure 41.

4. The plaintiff must file by May 5, 2017, a notice identifying the three individuals who opted out.

5. Jurisdiction is retained to enforce the order to comply with the settlement agreement.

6. The clerk must enter judgment stating, "The parties, including all class members, are ordered to comply with their settlement agreement. The named plaintiff and all class members are enjoined from initiating or pursuing any claim that has been released under the settlement agreement. The court reserves jurisdiction to enforce the order to comply with the settlement agreement and not to initiate or pursue any claim that has been released under the settlement agreement. All claims in this case are voluntarily dismissed with prejudice under Federal Rule of Civil Procedure 41."

7. The clerk must close the file.

8. A party who objects to the terms of this order or the judgment to be entered based on this order must file a timely motion to alter or amend under Federal Rule of Civil Procedure 59(e).

SO ORDERED on April 24, 2017.

s/Robert L. Hinkle
United States District Judge